**Franklyn BURGOS, Plaintiff–Appellant,**

v.

**T.S. CRAIG, Warden, FCI Raybrook; D. Marini, Clinical Director; Liberty, Defendants–Appellees.**

No. 06–5505–pr.

United States Court of Appeals, Second Circuit.

Dec. 15, 2008.

Franklin Burgos, White Deer, PA, pro se.

Paula Ryan Conan, for Glenn T. Suddaby, U.S. Attorney for the Northern District of New York, Syracuse, N.Y., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. JOHN G. KOELTL,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant appeals from a judgment of the District Court (Strom, J.) granting Defendants–Appellees' motion for summary judgment on Plaintiff–Appellant's claim that Defendants were deliberately indifferent to Plaintiff's medical needs during his incarceration. Plaintiff sought $1 million in damages and immediate medical attention. We assume the parties' familiarity with the facts, procedural history, and scope of issues presented on appeal.

The district court's grant of summary judgment is reviewed de novo, construing the evidence in the light most favorable to the nonmoving party. See Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir.2008). "However, reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir.2002). A district court's ruling on whether a plaintiff has exhausted administrative remedies under the Prison Litigation Reform Act, 18 U.S.C. § 3626, 28 U.S.C. § 1932, is also reviewed de novo. See Ortiz v. McBride, 380 F.3d 649, 653 (2d Cir.2004).

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement extends to federal prisoners asserting actions under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). See Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). It must be completed before suit is filed, and completing the exhaustion requirements only after filing suit is insufficient. See Neal v. Goord, 267 F.3d 116, 121–22 (2d Cir.2001), abrogated in part on other grounds by Porter, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534

---

* The Honorable John G. Koeltl, District Judge for the Southern District of New York, sitting by designation.

U.S. at 532, 122 S.Ct. 983. Federal prisoners have twenty days after an incident to request an administrative remedy, 28 C.F.R. § 542.14(a), and twenty days to appeal an unfavorable decision to the regional director, with an additional appeal to general counsel, *id.* § 542.15(a). Extensions of these time limits are sometimes available. *See id.* §§ 542.14(a), 542.15(a).

In this case, Plaintiff–Appellant effectively concedes that he sued just a few days after requesting administrative remedies, and before there was any decision on his administrative request. Assuming arguendo that Plaintiff–Appellant subsequently exhausted his administrative remedies, that is not enough to save his suit, because he is required to have properly exhausted before he sues. The inmate's request for a continuance was based on a statute that has been amended in relevant part and is no longer effective.

We have considered the Plaintiff–Appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.